United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES,<br><br>    Plaintiff(s),<br><br>  v.<br><br>ENERGY MANAGEMENT,<br><br>    Defendant(s).<br>_____/ | No. C-11-05251 DMR<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT BE GRANTED** |

Plaintiffs[1] Boards of Trustees of the Sheet Metal Workers Local 104 Health Care Trust; Sheet Metal Workers Pension Trust of Northern California; Sheet Metal Workers Local 104 Vacation, Holiday Savings Plan (collectively, "Trust Funds"); and Trustee Bruce Word move the court pursuant to Federal Rule of Civil Procedure 55(b)(2) for entry of a default judgment against Defendant Energy Management, Inc. Plaintiffs ask the court to order Defendant to pay due and unpaid employee benefit contributions, liquidated damages, interest, and attorneys' fees and costs. Because the court has not obtained consent from Defendant pursuant to 28 U.S.C. § 636, it ORDERS the case reassigned to a District Judge. For the reasons given below, the court recommends that Plaintiffs' motion be granted.

## I. Background & Procedural History

Defendant[2] entered into a collective bargaining agreement ("CBA"), with Sheet Metal Workers Local Union No. 104, which requires Defendant to pay health and welfare, pension, and

---

[1] Plaintiffs qualify as trustees of employee benefit plans within the meaning of 29 U.S.C. § 1002(1) & (3) and § 1132(d)(1), and a multiemployer plan within the meaning of § 1002(37) and § 1145. (Compl. ¶ 2.)

[2] Defendant is an employer within the meaning of 29 U.S.C. § 1002(5) and § 1145, and an employer in an industry affecting commerce within the meaning of § 185. (*See* Compl. ¶¶ 3-5.)

other fringe benefit contributions into the Trust Funds. (Pls.' Mot. Default J. 3-4 (citing Werner Decl. Exs. 1-3, Mar. 26, 2012).) The CBA binds Defendant to the Agreement and Declarations of Trust ("ADT") for each Trust Fund. (Pls.' Mot. Default J. 4 (citing Finegan Decl. Ex. 4, Mar. 22, 2012).) The ADT requires Defendant to pay liquidated damages of twenty percent on any principal outstanding (1) after the last business day of the subsequent month during which the principal was due or (2) in the event of suit to collect delinquent contributions. (Finegan Decl. Ex. 4 at 8, 15; *see also* Finegan Decl. Ex. 5.) The ADT also provides that Defendant must pay ten percent interest per annum on all delinquent contributions, as well as pay attorneys' fees and costs. (Finegan Decl. Ex. 4 at 10, 15, 21.)

In accordance with the above agreements, Defendant owes the Trust Funds $35,701.90 in unpaid contributions. (Finegan Decl. ¶ 17, Exs. 8-9.) The Trust Fund also assessed Defendant $7,340.39 in liquidated damages (Finegan Decl. ¶ 17, Ex. 8) and $1,954.55 in interest (Finegan Decl. Ex. 8; *see* Finegan Decl. ¶ 16.)

Plaintiffs filed the current action on October 27, 2011 pursuant to section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, and 29 U.S.C. § 185 to recover due and unpaid benefit contributions, liquidated damages, interest, and attorneys' fees and costs. (*See generally* Compl.) They completed service on Defendant on January 27, 2012. [*See* Docket No. 6.] On February 29, 2012, Plaintiffs requested an entry of default against Defendant [Docket No. 11], which the Court entered two days later [Docket No. 14]. Plaintiffs now move the court for a default judgment. The court held a hearing on May 10, 2012. Defendant did not appear.

**II. Default Judgment**

**A. Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)) ("A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."); *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 999.

2

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**B. Analysis**

The court finds that it has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 185 (granting labor union organizations power to sue employers in Federal court) and § 1132 (empowering ERISA plan fiduciaries to bring civil actions to enforce plan terms). It exercises personal jurisdiction over Defendant because Defendant Energy Management, Inc. is a California corporation (Compl. ¶ 3), and Defendant qualifies as an employer under 29 U.S.C. §§ 152(2) and 1002(5) (*see* Compl. ¶¶ 3-5). Regarding the adequacy of service of process, Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A) (authorizing service of process on corporations "in the manner prescribed by Rule 4(e)(1) for serving an individual"). Under California law, a corporation may be served by delivering a copy of the summons and of the complaint to the person designated as agent for service of process. Cal. Civ. Proc. Code § 416.10(a). The court has reviewed the proof of service and finds that the summons and complaint were properly served on Defendant. [*See* Docket No. 6.]

Turning to the first *Eitel* factor, Plaintiffs will suffer great prejudice if the court does not enter a default judgment against Defendant because Plaintiffs otherwise have no means to recover the contributions that Defendant owes them. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Plaintiffs also fulfill the second and third *Eitel* factors: First, Plaintiffs' complaint pleads the elements of a violation of 29 U.S.C. § 1145.[3] Specifically, it claims that Defendant is an employer obligated under the CBA to make contributions to the Trust Funds and that Defendant failed to make such contributions. (Compl. ¶¶ 1, 3, 5, 7-8.) Moreover, when a benefit plan secures a judgment under § 1145, § 1132(g)(2) entitles the plan to unpaid contributions, liquidated damages, interest thereon, and reasonable attorneys' fees and costs. In light of these facts and the pertinent law, Plaintiffs have submitted a legally sufficient complaint which will prevail on the merits. *See Bd. of Trs. of the Clerks v. Piedmont Lumber & Mill Co.*, No. 10-1757 MEJ, 2010 WL 4922677, at *4 (N.D. Cal. Nov. 29, 2010).

The fourth factor examines the amount at issue. "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, No. C 11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472), *adopted by* No. 11-2532 JSW, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012). However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations omitted). The sum of actual and statutory damages, attorneys' fees, and costs that Plaintiff seeks is $46,225.84, which is tailored to the claim, and is not unreasonable. *See, e.g.*, *Bd. of Trs. of the Clerks*, 2010 WL 4922677, at *5 (entering default judgment of $64,948.06 in ERISA action). With respect to the fifth prong, Defendant has not appeared in this action, let alone contested any of Plaintiffs' material facts. Finally, nothing in the record suggests that Defendant defaulted due to excusable neglect. Plaintiffs properly served Defendant, providing it with notice of this action [Docket No. 6], and Defendant has failed to participate in the litigation. *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 1005. Examining these facts in the aggregate, the court finds that the *Eitel* factors outweigh the Federal

---

[3] Section 1145 provides, in relevant part, that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." § 1145.

Rules of Civil Procedure's strong preference for a decision on the merits. The court therefore recommends an entry of a default judgment.

### III. Damages

To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18). ERISA authorizes the following remedies:

> in any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

§ 1132(g)(2).

**A. Unpaid Contributions, Interest, & Liquidated Damages**

For the period from May 2011 through January 2012, Defendant presently owes $35,701.90 in unpaid contributions. (Finegan Decl. Ex. 8.) The ten percent per annum interest due on these unpaid contributions comes out to $1,954.55. (Finegan Decl. Ex. 8.)

ERISA requires assessment of liquidated damages if (1) the fiduciaries obtain a judgment in favor of the plans, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages. *Idaho Plumbers & Pipe Fitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989). According to the CBA and ADT, Defendant must pay liquidated damages in the amount of 20% of these unpaid contributions. (Finegan Decl. Ex. 4 at 8, 15; *see also* Finegan Decl. Ex. 5.) Given the accumulated principal of $35,701.90 above, Plaintiffs should receive liquidated damages worth $7,340.39.[4]

---

[4] Defendant initially owed the Trust Funds $4,060.56 in contributions for May 2011, but paid $1,000 of this sum on November 7, 2011, prior to the filing of this suit. (Finegan Decl. Ex. 8.) However, because Defendant failed to pay down that month's contributions prior to the last business day of June 2011, Plaintiffs claim that liquidated damages at a rate of twenty percent apply to the full $4,060.56 in accordance with the ADT (*see* Finegan Decl. Ex. 4 at 8-9). Plaintiffs have included this

United States District Court
For the Northern District of California

**B. Attorneys' Fees & Costs**

Section 1132(g)(2)(D) requires the court to award "reasonable attorneys' fees and costs" when plaintiffs secure a judgment in their favor, § 1132(g)(2)(D), unless "special circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984). The court determines reasonable attorneys' fees according to the lodestar analysis, which multiplies the number of hours reasonably expended on the matter by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The reasonable hourly rate depends on "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). When assessing the rate, the court also may consider the novelty and complexity of the issues; the special skill and experience of counsel; the quality of representation; and the results obtained. *See Cabrales v. Cnty. of L.A.*, 864 F.2d 1454, 1464 (9th Cir. 1988). Although the court presumes that the lodestar represents a reasonable fee, *Jordan*, 815 F.2d at 1262, the court may adjust the award if other factors make it unreasonable. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

To date, Plaintiffs have incurred $555.00 in attorneys' fees based upon three hours of attorney work at a billing rate of $185.00 per hour. (*See* Carroll Decl. ¶ 5, Mar. 26, 2012.) This is a reasonable San Francisco Bay Area rate for an ERISA claim. *See, e.g.*, *Oster v. Std. Ins. Co.*, No. 09-851 SBA (JCS), 2011 WL 1663372, at *6 (N.D. Cal. May 2, 2011) (approving hourly rate of $400 for associates and $150 for paralegals); *Langston v. N. Am. Asset Dev. Corp. Group Disability*, No. 08-2560 SI, 2010 WL 1460201, at *2 (N.D. Cal. Apr. 12, 2010) (approving hourly rate of $550 for partner and $150 for paralegals); *Caplan v. CNA Fin. Corp.*, 573 F. Supp. 2d 1244, 1249 (N.D.

---

additional $200 within their $7,340.39 liquidated damages calculation.

Pursuant to § 1132(g)(2), plaintiffs receive liquidated damages as a matter of right on delinquent, unpaid damages. *See Bd. of Trs. of the Laborers Health & Welfare Trust Fund for N. Cal. v. Atoll Topui Island, Inc.*, No. 06-3059 SBA, 2007 WL 174409, at *7 (N.D. Cal. Jan. 22, 2007). However, the statute does not cover delinquent, but paid, contributions. *Id.* In these circumstances, plaintiffs nevertheless "might be entitled to liquidated damages as a matter of contract." *Id.* (citations omitted). "A contractual liquidated damages provision is enforceable in this setting, and not void as a penalty, only if (1) the harm caused by a breach [is] very difficult or impossible to estimate and (2) the fixed amount is a reasonable forecast of just compensation for the harm caused." *Id.* at *8 (brackets in original) (citations and quotation marks omitted). Plaintiffs meet the first prong, because the damage to trust funds resulting from delinquent contributions is difficult to quantify. *See id.* Plaintiffs also satisfy the second prong, as the ADT notes that liquidated damages will compensate the Trust Funds for lost investment returns, administrative expenses, and delayed or prevented benefit payments to employees (Finegan Decl. Ex. 4 at 8). *See id.* The court therefore recommends that Plaintiffs receive liquidated damages on the delinquent, but paid, contributions.

6

Cal. 2008) (approving hourly rates of $350 and $330 for associates). The time that Plaintiffs' counsel expended on this case, three hours, proves reasonable as well. The court therefore recommends that Plaintiffs' recover $555.00 in attorneys' fees.

The court also will award costs if "the prevailing practice in a given community [is] for lawyers to bill those costs separately from their hourly rates." *Trs. of Contrs. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006) (quotation marks omitted); *see* § 1132(g)(2)(D). Plaintiffs have incurred $674.00 in costs in the action to date. $350.00 stem from the case filing fee and $324.00 from serving the summons and complaint on Defendant. (Carroll Decl. ¶ 2, Ex. 10.) Because the court finds these sums reasonable, it recommends that Plaintiffs be granted $674.00 in costs.

## IV. Conclusion

For the foregoing reasons, the court recommends that the District Court grant Plaintiffs' Motion for Default Judgment. The court further recommends that the District Court award Plaintiffs: (1) unpaid contributions in the amount of $35,701.90, (2) interest on the unpaid contributions worth $1,954.55, (3) liquidated damages totaling $7,340.39, and (4) attorneys' fees and costs amounting to $555.00 and $674.00, respectively.

Any party may file objections to this report and recommendation with the District Judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2. Failure to file timely objections "may waive the right to appeal the District Court's order." *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. 10-5568 EDL, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: May 10, 2012



DONNA M. RYU
United States Magistrate Judge

Case4:11-cv-05251-DMR   Document24   Filed05/10/12   Page8 of 8